UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE<br>1899 L Street, N.W., 12th Floor<br>Washington, D.C. 20036<br><br>   Plaintiff,<br><br>  v.<br><br>OFFICE OF MANAGEMENT AND BUDGET<br>725 17th Street, NW<br>Washington, DC 20503<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 15-1175 |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against Defendant OFFICE OF MANAGEMENT AND BUDGET ("OMB"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under a July 2014 request for emails sent or received by an OMB official over an eleven-month period that involved the Environmental Protection Agency.

2. The request discussed the substantial public interest in the specific records sought, which reflect OMB involvement with EPA on high-profile, controversial regulations that are colloquially known as the administration's "war on coal" under the Clean Air Act. It also noted that other FOIA productions show that the OMB official, Michael Fitzpatrick, consulted on this very early on with high-ranking political appointees at OMB.

3. For this reason, and because requesters demonstrated their ability and intention to broadly disseminate this information, requesters sought a fee waiver.

4. These records have become of greater public interest in the wake of the Supreme Court's recent opinion in *Michigan et al. v. EPA*, 135 S. Ct. 2699 (2015), concluding that EPA

improperly refused to consider costs when making its decision to impose certain regulations under the Clean Air Act on electric utility generating plants.

5. Defendant OMB has failed to respond within the statutory period either to plaintiff's original request, or to its subsequent administrative appeal for non-compliance. This dereliction constitutes a denial of plaintiff's request, without a proper legal basis.

6. As a result of this denial, pursuant to 5 U.S.C. §552(a)(4)(A)(v)&(viii) plaintiff has no further administrative remedies to pursue, but instead has the right of judicial review, in the form of this lawsuit to compel OMB to produce responsive records.

## PARTIES

7. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

8. Defendant OMB is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), headquartered in Washington, DC, and has possession or control of the records plaintiff seeks in this action.[1]

## JURISDICTION and VENUE

9. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this suit is brought in the District of Columbia, and because plaintiff is located in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

---

[1] *See Public Citizen v. OMB*, 569 F.3d 434, 437 (D.C. Cir. 2009) (OMB is "subject to FOIA").

10. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because defendant is an agency of the United States.

## FACTUAL BACKGROUND

11. This lawsuit seeks to compel OMB to respond fully and completely to a FOIA request dated July 7, 2014, which stated (citations omitted):

    Please provide us, within twenty working days, copies of all of former Office of Management and Budget, Office of Information and Regulatory Affairs employee Michael Fitzpatrick's emails a) with "EPA" in the To or From fields (including cc: and/or bcc:), Subject field, or the email body, b) which were sent or received during the approximately eleven-month period January 20, 2009, through December 31, 2009, inclusive.

12. The request asked that OMB waive processing and copying fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), since disclosure of the information is in the public interest, the requester has no commercial interest in the material, and there was substantial public interest in the requested information.[2] It offered to pay up to $150.00 for responsive records in the event that its fee waiver request was denied.

13. On July 11, 2014, FOIA Officer Dionne Hardy responded via email acknowledging its request as being received as of July 11, 2014, labeling our request 14-134. That same day, CEI Counsel Christopher Horner replied to Ms. Hardy, stating that since the request was sent and delivered to OMB's published email address on July 7, 2014, it was received the same day.

14. OMB did not reply to this email. OMB provided no further communications whatsoever within the 20 day time frame required by the statute, including no production of

---

[2] It also noted that the requester qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). *Compare EPIC v. DOD*, 241 F.Supp.2d 5 (D.D.C. 2003) (publisher of bi-weekly electronic newsletter qualified as media); *Forest Guardians v. U.S. Dept. of Interior*, 416 F.3d 1173 (10th Cir. 2005) (fee waiver for group that "aims to place the information on the Internet"; "Congress intended the courts to liberally construe the fee waiver" provisions).

responsive records, and no request for further information or narrowing. Nor did OMB make any claim made of "unusual circumstances" that would allow the agency more time to substantively respond to the request.

15. On August 29, 2014, 39 business days after the request was filed and well outside the 20-day statutory deadline for a substantive reply, CEI Counsel Horner again contacted Ms. Hardy via email, informing OMB that its failure to substantively respond violated FOIA, and requesting that requesting that OMB remedy this. OMB provided no response to this.

16. On September 17, 2014, 51 business days from the date of the request, Ms. Hardy responded via email with a PDF file of a letter on OMB letterhead attached. This letter referred to "your request of July 7, 2014, which was received on July 11, 2014, and assigned tracking number 2014-134." However, the letter neither granted nor expressly denied CEI's request.

17. Instead, OMB's letter merely said that the request was "very broad" and "could include a wide range of subjects" and that many of the documents requested "are likely to be exempt under FOIA exemption 5" and complained that it would be "very time-consuming and burdensome," and that the cost would "far exceed the $150.00 you agreed to pay," and as a result, they were "administratively closing the file for this request."

18. This letter shows that no effort was made to process the request, fulfilling none of OMB's duties under FOIA.  It amounts to a constructive denial of the original request: it fails to properly grant or deny requester's detailed request for a fee waiver, it provides no fee estimate for the actual request, provides not even a general estimate of the number of responsive documents which exist, and does not provide any substantive reason why the

documents can be lawfully withheld, even as OMB continues to withhold these agency records.

19. On October 7, 2014, plaintiff administratively appealed this dereliction. OMB acknowledged this appeal by letter dated October 10, 2014. Over nine months later, OMB still has not responded to this appeal, or provided any response to the request at issue in this matter. OMB has not provided any documents responsive to the request, updates on when such documents will be provided, or otherwise satisfied its obligations under FOIA and *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013).

## LEGAL ARGUMENTS
### Defendant OMB Owes and Has Failed to Provide Plaintiff a Response

20. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request, and issue a response to the requester containing that determination. 5 U.S.C. § 552(a)(6)(A)(i). Under *CREW v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must also describe the scope of responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.

21. 5 U.S.C. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii) (I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the

requester's response to the agency's request for information or clarification ends the tolling period. Regardless, neither circumstance applies in the instant mater.

22. As the initial request was sent July 7, 2014, OMB owed a proper response and initial determination by August 4, 2014.

23. When OMB finally responded to plaintiff's request by administratively closing the file on September 17, 2014, it had already passed the statutory deadline for giving a response.

24. More than nine months have passed since plaintiff filed its administrative appeal of this belated reply, without any additional communication from OMB, and without OMB fulfilling its statutory duties under the Freedom of Information Act.

25. This failure to issue a proper response within the statutory period constitutes a denial by OMB of plaintiff's request for records, and an unlawful, improper withholding of those records.

**Having Failed to Properly Respond to Plaintiff's Request, Defendant OMB Owes Responsive Records Subject to Legitimate Withholdings and Cannot Seek Fees**

26. In *Bensman v. National Park Service,* 806 F. Supp. 2d 31 (D.D.C. 2011) the U.S. District Court for the District of Columbia noted, "An additional effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees . . . if the agency fails to comply with **any time limit**' of FOIA." (Emphasis added by *Bensman* Court).

27. OMB owed requester a substantive response to its request on or before August 4, 2014, and to its administrative appeal on or before November 6, 2014. OMB did not provide either such response, thus violating the statutory time-limits within the FOIA statute.

6

28. Having failed to comply with FOIA's deadlines, and thus waived any right to claim fees, OMB must now process the request without charging fees, and provide plaintiff with the requested records.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### Declaratory Judgment

29. Plaintiff re-alleges paragraphs 1-28 as if fully set out herein.

30. Plaintiff has properly sought and wrongly been denied responsive records reflecting the conduct of official business, as OMB has failed to provide either responsive records or a substantive response to the FOIA request at issue in this case.

31. Plaintiff has a statutory right to the information it seeks, without being assessed fees.

32. Plaintiff asks this Court to enter a judgment declaring that:

    i. OMB failed to provide a proper response to plaintiff's request for records, and has thereby statutorily waived fees;

    ii. The OMB records sought in plaintiff's request are agency records subject to release under FOIA, which OMB has improperly withheld;

    iii. OMB's refusal to produce the requested records is unlawful; and

    **iv.** OMB must produce in a timely fashion all records in its possession responsive to plaintiff's FOIA request, without charging any fees.

## SECOND CLAIM FOR RELIEF
### Injunctive Relief

33. Plaintiff re-alleges paragraphs 1-32 as if fully set out herein.

34. Plaintiff is entitled to injunctive relief compelling OMB to produce all records in its possession responsive to plaintiff's FOIA request, without charging any fees.

35. Plaintiff asks this Court to order OMB to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA request, and any attachments thereto, without charging any fees.

### THIRD CLAIM FOR RELIEF
**Seeking Costs and Fees**

36. Plaintiff re-alleges paragraphs 1-35 as if fully set out herein.

37. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

38. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of OMB's improper withholding of agency records, and refusal to fulfill the FOIA request at issue in this case.

39. Plaintiff asks the Court to order OMB to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

Respectfully submitted this 22nd day of July, 2015,

                                                                                /s/_____
        Hans Bader, D.C. Bar # 466545
        Sam Kazman, D.C. Bar # 946376
        Competitive Enterprise Institute
        1899 L Street NW, 12th Floor
        Washington, DC 20036
        (202) 331-2278
        hans.bader@cei.org

        Christopher C. Horner
        D.C. Bar No. 440107
        1489 Kinross Lane
        Keswick, VA 22947
        (202) 262-4458
        CHornerLaw@aol.com

        ATTORNEYS FOR PLAINTIFF